# In the United States Court of Federal Claims

No. 23-1029
Filed: June 18, 2024
NOT FOR PUBLICATION

**ASG SOLUTIONS CORPORATION DBA AMERICAN SYSTEMS GROUP,**

        *Plaintiff*,

v.

**UNITED STATES,**

        *Defendant*.

*David S. Demian*, Finch, Thornton, & Baird LLP, San Diego, CA, for the plaintiff.

*Sheryl L. Floyd*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for the defendant.

## MEMORANDUM OPINION AND ORDER

**HERTLING, Judge**

On June 13, 2024, the plaintiff, ASG Solutions Corp. ("ASG") has moved to stay the judgment dismissing its claim under the Contract Disputes Act ("CDA"). ASG and the defendant, the United States, acting through the Department of the Navy, cross-moved for summary judgment on ASG's challenge to the Navy's termination of ASG's contract for default. The Court granted defendant's motion in March 2024, and ASG's claim was dismissed. ASG promptly appealed to the Federal Circuit, and that appeal remains pending.

After judgment had been entered, the Navy proposed to debar ASG from all federal contracts and added ASG and its owner to the "Active Exclusion" list of SAM.gov. The debarment will prevent federal agencies from renewing any existing task orders with ASG, of which ASG has nine that are coming up for extension. ASG seeks an order staying the judgment of this court and enjoining the debarment until the Federal Circuit resolves its appeal.

Although the proposed debarment cites the decision of the Court in the litigation as a basis, the judgment of the Court did not produce the debarment; the judgment itself only dismissed ASG's challenge to the Navy's termination for default. Thereafter, the Navy proposed to debar ASG and its owner to exclude them from federal contracts. A stay of the judgment would be ineffective in granting ASG the relief it seeks, and the Court will not indulge a nullity. Moreover, the injunction sought by ASG is beyond the jurisdiction of the Court of Federal

Claims in this case. The plaintiff is effectively seeking a preliminary injunction against the debarment under a CDA claim when the debarment could not have been presented to the contracting officer.

**BACKGROUND**

The background facts of this dispute are detailed in *ASG Sols. Corp. v. United States*, 170 Fed. Cl. 485 (2024). Briefly, ASG submitted a proposal for an indefinite delivery, indefinite quantity task order to provide engineering and program-management support services to the Naval Facilities Engineering Systems Command Southeast in August 2022. The task order was to begin in October 2022. ASG was awarded the task order in September 2022 and began work in October. From the Navy's perspective, ASG never performed as required under the task order, and in April 2023 the Navy terminated ASG for default.

ASG sued in this court in July 2023 under the CDA. ASG sought an order changing the termination for default to a termination for convenience and damages for sums allegedly due under the task order. Ultimately, the parties cross-moved for summary judgment. The Court determined that the defendant's reading of the task order read its provisions most harmoniously and granted the defendant's motion, denying at the same time ASG's motion. The Clerk entered final judgment dismissing ASG's complaint in March 2024, and ASG promptly appealed. Case No. 2024-1755 (Fed. Cir.).

After ASG's complaint was dismissed, the Navy pursued additional sanctions against ASG. On May 15, 2024, the Navy proposed to debar ASG and its owner from federal contracts under Federal Acquisition Regulation ("FAR") 9.4 and added ASG and its owner to the Active Exclusion list. Pursuant to the debarment, ASG will be unable to retain various task orders it holds from federal agencies when the current term expires, and an option year would start. At least one agency has informed ASG that it must terminate ASG's task order when the current term expires on June 20, 2024. Even though the debarment is only proposed at this time, and ASG retains the right to have it reviewed administratively, it appears to be having immediate effect, as does the placement of ASG and its owner on the Active Exclusion list. ASG argues that these sanctions are effectively a death sentence.

On June 13, 2024, ASG filed this motion to stay the judgment and to enjoin the debarment. The Court ordered the defendant to respond by June 17 and held oral argument on June 18. At the close of oral argument, the Court issued an oral ruling. This opinion reflects that oral ruling.

**ANALYSIS**

### A. Stay of Judgment

ASG premises its motion on Rule 8(a) of the Federal Rules of Appellate Procedure, which requires a party to first move for a stay of judgment in the trial court. The plaintiff sets out the four-prong test for a stay pending appeal set out in *Nken v. Holder*, 556 U.S. 418, 426 (2009) and argues that it is entitled to a stay based on the elements of that test. These factors are the same as those analyzed for preliminary injunctions: the likelihood of success on appeal, the

prejudice to the moving party, the prejudice to the opposing party, and the public interest. *StandardHavens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511 (Fed. Cir. 1990).

     ASG sued the defendant under the CDA pursuant to 28 U.S.C. § 1491(a) seeking to convert the termination for default to a termination for convenience and to recover damages. The judgment ASG now seeks to stay simply dismissed its claims. The judgment did not direct the Navy to do anything. A stay may be appropriate to preserve the status quo that a judgment would alter, but the judgment in this case did not order the debarment, the payment of money by ASG to the defendant, or any other affirmative relief that can be stayed pending the resolution of ASG's appeal. Staying a judgment that simply dismissed the complaint would have no effect on the status quo; it would be meaningless. Nor would staying this Court's judgment have any impact on any substantive claim challenging the debarment.

     ASG argues that the Navy cited the Court's decision as a basis supporting the proposed debarment. The Navy's decision does cite the decision, but staying the judgment does not alter the reality that the Court reached the decision it did. Even were the judgment to be stayed, the outcome reached in the litigation would not change but would remain a fact on which the Navy could rely.

     In sum, ASG has failed to demonstrate that the stay of the judgment it is seeking would provide it with any relief. The Court will not issue an order that would be a nullity.

     In any event, the motion to stay the judgment would be denied, even if the Court reached the merits. Because ASG cannot show that the Navy would be required to undo the debarment if the judgment were stayed, the stay would be effectively meaningless. ASG can therefore show no prejudice from its denial, and the public interest does not support a stay. Those two factors would ultimately be decisive.

     **B. Stay of Debarment**

     The crux of ASG's motion is not to stay the judgment, because, as noted, a stay of the judgment would have no impact on any aspect of the case. Instead, ASG really seeks to enjoin the debarment so that ASG can receive renewals of task orders it is currently performing when they expire.

     ASG sued in the Court of Federal Claims seeking money damages under the Tucker Act and the CDA. The Federal Circuit has held that Tucker Act jurisdiction does not exist "to review the propriety of an agency's decision to debar a contractor. . . ; such a challenge must be brought in district court under the Administrative Procedure Act." *IMCO, Inc. v. United States*, 97 F.3d 1422, 1425 (Fed. Cir. 1996).

     The rationale underlying this rule is that the "connection between the breached contract and future procurement contracts [is] merely tangential." *Schickler v. Davis*, 10 F. App'x 944, 945 (Fed. Cir. 2001). The Navy's debarment of ASG and its owner is not due to the dismissal of ASG's claim for damages; it was the result of a separate and discreet process by the Navy. True, the Navy may not have undertaken the debarment had its position in ASG's litigation not been upheld, but the rejection of ASG's claim did not itself cause the debarment. Any "connection

between the debarment and future contracts for which [ASG and its owner] could not compete [is] also tangential." *Id*.

As Judge Firestone summarized the law, the Court of Federal Claims only has jurisdiction over claims brought under FAR 9.4 "to the extent that claims arose under the court's bid protest jurisdiction [28 U.S.C. § 1491(b)]." *Allen v. United States*, 140 Fed. Cl. 550, 563 (2018); *accord Emiabata v. United States*, 151 Fed. Cl. 610, 617 (2020).

ASG filed a CDA claim under § 1491(a). For this court to have jurisdiction over a claim under the CDA, the claim had to have been presented to the contracting officer for a final decision. ASG could not have included the *post hoc* debarment in the claim that formed the basis for this CDA action. That fact alone puts ASG's request to stay the debarment beyond the jurisdiction of the court.

**CONCLUSION**

ASG's motion to stay the judgment and the debarment is **DENIED**.

It is so **ORDERED.**

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**